UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**RUBY GREEN,**

    **Plaintiff,**

vs.                                                     **CASE NO:**

**HOWARD FINKELSTEIN, Individually,**
**in his Capacity as Public Defender**
**for Broward County, and the Office**
**of the Public Defender for Broward**
**County,**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, **RUBY GREEN**, hereby sues the Defendants, Howard Finkelstein, Individually, in his Capacity as Public Defender for Broward County, and the Office of the Public Defender for Broward County, and would further allege as follows:

### JURISDICTIONAL ALLEGATIONS:

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of attorney's fees and costs, brought under the First Amendment to the United States Constitution, through 42 U.S.C. §1983.

2. At all times material to the instant Complaint, the Plaintiff, Ruby Green (hereinafter to be referred to as "Ms. Green" or Plaintiff), was an employee of the Defendant, the Office of the Public Defender. Accordingly, the Plaintiff is *sui juris*.

3. At all times material to the instant Complaint, the Defendants, Howard Finkelstein

(hereinafter to be referred to as "Mr. Finkelstein"), Individually, in his Capacity as Public Defender for Broward County, and the Office of the Public Defender for Broward County, have been political subdivisions/arms of the State of Florida operating in Broward County, Florida. Accordingly, the Defendants are *sui juris*.

4. All conditions precedent to the initiation and/or maintenance of the instant lawsuit have been satisfied and/or, otherwise, waived by the enumerated Defendants.

## GENERAL ALLEGATIONS:

5. The Plaintiff was previously employed by the Defendant, the Office of the Public Defendant in Broward County, Florida, as an Assistant Public Defender.

6. The Plaintiff, Ms. Green, recently ran for the Office of Public Defender to replace the retiring Public Defender for Broward County, the Defendant, Mr. Finkelstein.

7. During the Plaintiff's, Ms. Green's, tenure as an Assistant Public Defender, as well as during the time when she was campaigning for office, the Plaintiff, Ms. Green, was actively engaged in social justice issues *vis a vis* engaging the community-at-large, as well as speaking and/or initiating a robust dialogue regarding the same. This was particularly true during the election.

8. On the morning following the Plaintiff's, Ms. Green's, election loss, and following her notification of termination via electronic mail and concurrent cellular telephone text message, the Defendant, Mr. Finkelstein, voluntarily participated in an interview with Mr. Rafael Olmeda of the South Florida Sun Sentinel in which he admitted/confirmed that a.) he had been the decision-maker and personally made the decision to terminate the Plaintiff's, Ms. Green's, employment; and b.) that the decision to terminate the Plaintiff's, Ms. Green's, were based on statements and/or speech that she had made during her campaign for the Public Defender's Office.

9. Title 42 of the United States Code, Section 1983, *et.seq.*, specifically proscribes the abrogation of a public employee's constitutional rights under color of state actors. In this instance, the First Amendment of the Constitution of the United States confers the Plaintiff, Ms. Green, with the right to speak out on matters of public concern and/or importance without the fear of being subject to retaliatory acts by her employer.

10. In this instance, the social justice issues which the Plaintiff, Ms. Green, addressed bear all of the hallmarks of matters of public concern vis a vis equitable treatment of African American participants in the criminal justice system. Further, the Plaintiff's, Ms. Green's, comments/statements pursuant to which the Defendant, Mr. Finkelstein, purportedly, took issue were made completely outside the scope of the Plaintiff's, Ms. Green's, employment with the Office of the Public Defender and, as such, constituted protected speech within the contemplation of the First Amendment to the United States Constitution.[1]

11. As a direct and/or proximate result of the Plaintiff's, Ms. Green's, availment of her right to engage in protected speech under the First Amendment to the United States Constitution, the Plaintiff, Ms. Green, has been retaliated against by the Defendants in the form of termination from her employment. Said injuries deriving from the subject retaliation are continuing and will not abate in the future.

12. The Plaintiff has retained the undersigned counsel(s) to represent her interests in this cause and is obligated to pay a fee for these services. The Defendants, collectively, should be made to pay said fee, along with costs incurred in connection with this action, under applicable law.

---

[1] Notably, in this context, the Office of the Public Defender for Broward County did not have a so-called "resign to run" policy in effect. In fact, one (1) of the Plaintiff's peers was running for the self-same office during the Plaintiff's campaign.

3

## COUNT I--FIRST AMENDMENT RETALIATION
### (Claim against Howard Finkelstein, Individually)

13. Plaintiff realleges and incorporates by reference Paragraphs One (1) through Twelve (12), as if set forth in their entirety herein.

14. This Count sets forth claims on behalf of the Plaintiff, Ms, Green, against the Defendant, Howard Finkelstein, Individually, predicated upon First Amendment retaliation, and is brought through 42 U.S.C. §1983.

15. The Defendant, Howard Finkelstein, operated to violate the Plaintiff's, Ms. Green's, rights under the First Amendment. These violations were of a type and character as to which any reasonable person would be aware. The Plaintiff's, Ms. Green's, rights to freedoms of speech and expression were violated. The Plaintiff has the right to engage in First Amendment activities without the fear of reprisal.

16. The enumerated Plaintiff, Ms. Green, as set forth in part above, engaged in constitutionally-protected activity by speaking on matters of public concern including, but not limited to, her participation in a public campaign for office and participating in podcasts speaking regarding matters of public concern.

17. After engaging in protected activity as related in part above, the Plaintiff, Ms. Green, was the victim of retaliatory actions, as set forth in part above. The Defendant, Mr. Finkelstein, infringed on the Plaintiff's, Ms. Green's, constitutionally-protected interests under the First Amendment, as set forth in part above. The Defendant's, Mr. Finkelstein's, actions, as set forth in part above, were the types of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights. The Plaintiff's, Ms. Green's, protected activity was a substantial or motivating factor in the adverse actions taken against her.

18. The conduct of the Defendant, Mr. Finkelstein, was in callous and willful disregard of the Plaintiff's, Ms. Green's, constitutional rights, thereby authorizing an award of punitive

4

damages against him.

19. The Defendant, Mr. Finkelstein, is a person under the laws applicable to this action. The Defendant, Mr. Finkelstein, is liable, jointly and severally, with the Defendant, the Office of the Public Defender, for their actions, individually and in concert, which violated the civil rights of the Plaintiff under the First Amendment.

20. The Defendant, Mr. Finkelstein, personally participated in the adverse actions against the Plaintiff in violation of her First Amendment rights set forth above.

21. The Defendant, Mr. Finkelstein, was a main participant, a policymaker, and/or made decisions to act adversely to the Plaintiff in her relationship with the Defendant, the Office of the Public Defender, after she engaged in protected First Amendment activity.

22. At all times pertinent hereto, the Defendant, Mr. Finkelstein, was acting under color of state law, is a persons under the applicable law, and he was acting under color of state law while doing so when he made the decisions and/or participated in the adverse actions against the Plaintiff, Ms. Green.

23. The Defendant, Mr. Finkelstein, acted with malice against the Plaintiff, Ms. Green, and/or in reckless disregard of her clearly established rights under the First Amendment.

24. As a direct and/or proximate result of the actions of the Defendant, Mr. Finkelstein, the Plaintiff has suffered the adverse actions set forth above. She suffered lost wages, benefits, and other tangible damages. The Plaintiff has also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life, and other intangible damages. These losses have occurred in the past, are occurring at present, and are likely to continue on into the future. The Plaintiff is entitled to punitive damages against the Defendant, Mr. Finkelstein, under this count.

## COUNT II--FIRST AMENDMENT RETALIATION
### (Claim against the Howard Finkelstein, in his capacity as Public Defender for Broward County, and the Office of the Public Defender for Broward County)

25. Plaintiff realleges and incorporates by reference Paragraphs One (1) through Twelve (12), and Thirteen (13) through Twenty-Two (22), as if set forth in their entirety herein.

26. This Count sets forth a claim on behalf of the Plaintiff against the Defendants, Howard Finkelstein, in his capacity as Public Defender for Broward County, and the Office of the Public Defender for Broward County, for First Amendment retaliation, and is brought through 42 U.S.C. §1983.

27. The Defendants, Mr. Finkelstein, in his capacity as Public Defender and the Office of the Public Defender, operated to violate the Plaintiff's, Ms. Green's, rights under the First Amendment. These violations were of a type and character as to which any reasonable person would be aware. The Plaintiff's, Ms. Green's, rights to freedoms of speech and expression were violated. Public employees/contractors like the Plaintiff have the right to engage in First Amendment activities without the fear of reprisal.

28. The Plaintiff, as set forth in part above, engaged in constitutionally-protected activity by speaking on matters of public concern including, but not limited to, her participation in a political campaign, engaging in media events associated therewith, and speaking out on matters that are of public concern such as social justice.

29. After engaging in protected activity as related in part above, the Plaintiff, Ms. Green, was the victim of retaliatory actions as set forth in part above. The Defendants infringed on the Plaintiff's, Ms. Green's constitutionally-protected interests under the First Amendment, as set forth in part above. The Defendants' actions, as set forth in part above, were the types of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her

First Amendment rights. The Plaintiff's, Ms. Green's, protected activity was a substantial or motivating factor in the adverse actions taken against her.

30. The Defendants, collectively, retaliated against the Plaintiff, Ms. Green, for her First Amendment activity, as alleged herein, by taking adverse actions against her, as set forth in part above.

31. The Defendants deprived the Plaintiff of her rights to freedom of speech and expression, protected by the First Amendment.

32. The Defendants are persons under the laws applicable to this action. The Defendants are liable, jointly and severally, with the Defendant, Mr. Finkelstein, Individually, for their actions, individually and in concert, which violated the civil rights of the Plaintiff under the First Amendment.

33. The Defendants, collectively, misused their power, possessed by virtue of state law and made possible only because it was clothed with the authority of said state law. The violations of the Plaintiff's, Ms. Green's, rights, as described herein above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

34. The Defendants personally participated in the actions adverse to the Plaintiff and/or in the decisions to engage in such actions, in violation of his rights to free speech and expression under the First Amendment.

35. One (1) or more of the Defendants were final decision-makers in the actions taken against the Plaintiff complained of herein.

36. The Defendants, after notice of the constitutional violations alleged herein, officially sanctioned the actions and refused to discipline its agents and employees, which sanction and refusal established a policy, by a final policymaker, that directly or indirectly resulted in violations of the Plaintiff's, Ms. Green's, constitutional rights.

37. Further, the Defendants ratified the actions of its employees, including the actions of one (1) or more of the Defendants' and/or the Defendants' agents/representatives, who acted adversely to the Plaintiff in retaliation for her exercise of First Amendment rights.

38. When the Defendants ratified one (1) or more of the Defendants' and/or the Defendants' agents/representatives actions adverse to the Plaintiff, Ms. Green, such adverse actions became the official policy of the Defendants, in retaliation for the Plaintiff's, Ms. Green's, exercise of the rights set forth above under the First Amendment.

39. The actions by and on behalf of the Defendants, as set forth in this Count were not unique events of the violations set forth herein. On information and belief, further similar events of wrongful retaliation and/or suppression of free speech on the part of Defendants and/or Their employees or agents have taken place, such events combining to determine a pattern of similar wrongful and illegal behavior.

40. As a direct and/or proximate result of the actions of the Defendants, the Plaintiff suffered the adverse actions set forth in part above. She suffered lost wages, benefits, and other tangible damages. The Plaintiff has also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life, and other intangible damages. These losses have occurred in the past, are occurring at present, and are likely to continue on into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

(a)   that process issue and this Court take jurisdiction over this cause;

(b)   that this Court award statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to Title 29 of the United States Code, Sections 2617(a)(1)(A)(i) and 2617(a)(1)(A)(ii), respectively;

(c)   additional liquidated dates pursuant to Title 29 of the United States Code, Section

8

2617(a)(1)(A)(iii);

(d) Equitable relief in the form of reinstatement, rescission of termination, and/or front pay, as the Court deems appropriate, pursuant to Title 29 of the United States Code, Section 2617(a)(1)(B);

(e) Attorney's fees, expert witness fees, and costs of this action, pursuant to Title 29 of the United States Code, Section 2617(a)(3);

(f) Attorney's fees, taxable costs, and liquidated damages pursuant to Title 29 of the the United States Code, Section 216(b);

(g) that this Court grant equitable relief against Defendants under the counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(h) that this Court enter judgment against Defendants and for Plaintiff awarding damages to Plaintiffs from Defendants for Defendants' violations of law enumerated herein;

(i) that this Court enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(j) that this Court enter judgment against Defendants and for Plaintiff awarding Plaintiff costs and attorneys' fees, as allowed by law;

(k) that this Court award Plaintiff interest as allowed by law; and

(l) that this Court grant such other and further relief as is just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

/s/ Patrick R. Frank
Patrick R. Frank [FBN 0642770]
**FRANK & RICE, P.A.**
325 East Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184