**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.  20-cv-62160-BLOOM/Valle**

**RUBY GREEN,**

      **Plaintiff,**

v.

**HOWARD FINKELSTEIN, Individually,**
**in his Capacity as Public Defender**
**for Broward County, and the Office**
**of the Public Defender for Broward**
**County,**

      **Defendants.**
_____/

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE, AND/OR IN THE ALTERNATIVE MOTION TO STRIKE NON-PARTY WITNESS**

Defendants Howard Finkelstein, in his Individual Capacity (hereinafter referred to as "FINKELSTEIN"), Howard Finkelstein, in his Official Capacity as the Broward County Public Defender (hereafter referred to as the "Public Defender"), and the Office of the Public Defender for Broward County (hereafter referred to as the "Office"), (hereinafter collectively referred to as the "Defendants") by and through their undersigned counsel, and pursuant to Local Rule 7.1, and FED. R. CIV. P. 45, hereby file and serve their *Motion for Order to Show Cause, and/or In the Alternative, Motion to Strike Non-Party Witness Maurianna Swanson, M.S., LMHC and any records from MCH Counseling, LLC, d/b/a New Era Counseling* and state as follows:

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

1. On October 23, 2020, Plaintiff Ruby Green (hereinafter "PLAINTIFF") initiated this action against Defendants alleging claims of First Amendment retaliation under 42 U.S.C. § 1983. (D.E. 1)

2. As a basis for relief, PLAINTIFF seeks an award of monetary damages, declaratory judgment, injunctive relief, equitable relief, and punitive damages. (Id. ¶ 40 and "Prayer for Relief").

3. On March 12, 2021, PLAINTIFF served her Responses to Defendants' First Set of Interrogatories. (D.E. 43 - 3).

4. In Response to Request 17[1], Plaintiff testified, in pertinent part, that

> As a result of Plaintiff's summary termination, **Plaintiff sustained severe emotional distress, pain, suffering, anxiety, and depression, as manifested by intermittent weight loss, weight gain, full body rashes,** etc. Plaintiff's stress was compounded by the loss of her health insurance due to her termination which, in turn, resulted in her being deprived of reasonable and immediate access to mental health counseling …
> (Emphasis Added)

5. In Response to Request 20[2], Plaintiff testified, in pertinent part, to the following:

---

[1] State the total amount of damages, including equitable relief, to which you believe you are entitled and provided a breakdown of each element of damages and calculation of how you arrived at that total. Include in your response a subtotal for each category of damages which you allege you are entitled to recover, including but not limited to front pay, attorney's fees, expert witness fees, and costs, etc. and show the calculations you used to arrive at each figure.

[2] Please detail the chronology of dates, commencing on the date you first sought treatment with Maurianna Swanson, MS, LMHC and MCH Counseling, LLC d/b/a New Era Counseling, including but not limited to
a. why treatment was sought
b. when treatment was sought
c. what type of treatment was being administered
d. what is the frequency of visits with Ms. Swanson
e. other than Ms. Swanson, are you seeking any other type of treatment from anyone else, if so, who?

    (a) Treatment was sought for anxiety/depression, and symptoms attendant thereto;
    (b) Treatment was received on or about November 9, November 23, November 30, December 14, December 21, and January 21, 2021;
    **(c) Plaintiff received therapy exclusively**

6. Thereafter, on April 16, 2021, the deposition of PLAINTIFF was conducted. (D.E. 43 - 2).

7. During the PLAINTIFF's deposition, the following pertinent deposition testimony was elicited:

> **Q. I got you. We'll look at the records for that. Don't worry about that, ma'am. So it looks like this -- Your second line is I would read this to mean that you've had six therapy appointments, $20 times six 24 is $120; is that right?**
> A. I've had more therapy appointments then. (D.E. 43 – 2, p. 203/lines 20 -25)
>
> **Q. Okay. So but just for the purposes of your response interrogatories, at the time you filed -- filled this out, it was six appointments; I'm reading this right, correct, 20 times six is 120?**
> A. Yes, right. It was roughly six appointments, that's correct. (D.E. 43 – 2, p. 204/lines 11 - 16)
>
> **Q. Sure. Okay. And is your -- I would imagine from what you're telling me, your therapy sessions are ongoing correct?**
> A. Yes, they are. (D.E. 43 – 2, p. 206/lines 7 - 10)
>
> **Q. Okay. To the best of your knowledge, all such therapists have kept notes the way they're supposed to, correct, medical records, et cetera?**
> A. I would hope so. I can tell you from the free one I had before, who didn't know my name, at every session so now --
> **Q. Yeah.**
> A. -- I feel confident that she -- that she does what she needs to do. (D.E. 43 – 2, p. 207/lines 15 - 23)
>
> **Q. Understood. Okay. Are you taking any medication as a result of the allegations that you've made in your complaint?**
> A. I have chosen not to go that route. Now, I will -- I -- I had a side effect from when I took medication previously for the PTSD. And, you know, I – I can't see myself wanting to be medicated on that. I feel as if therapy is,

you know, medication in and of itself but, no.  I'm sorry to go on but -- (D.E. 43 – 2, p. 207/lines 24 – 25 and p. 208/lines 1 – 7)

**Q.   No, ma'am.  That's fine.  You -- Strike that. Has any medical profession -- professional given you a diagnosis as it pertains to anything related to the therapy sessions that you're going through right now?**
A.   Yeah, I believe Dawn did.  Dawn gave me a diagnosis.
**Q.   And what was that, ma'am?**
 A.   I don't -- Depression I know for sure. I don't know if she said -- I don't -- I don't know if she said anything else, but I remember depression (D.E. 43 – 2, p. 207/lines 24 – 25 and p. 208/lines 8 – 17)

**Q.   Okay. Okay. Do you know if any therapist has linked the diagnosis of depression to the events that are alleged in your complaint?**
A.   Have they told me that they've linked it?
**Q.   Yes, ma'am.**
A.   No, we don't -- we don't -- they don't diagnose -- they don't really -- It's not like when I'm going to a psychiatrist or a psychologist.  I – It's -- The therapy sessions we just mostly talk, and I don't see a psychologist or a psychiatrist, so, no, I haven't -- I don't know if they did or not in their own mind or in their notes, you know, but --
**Q.   Understood.**
A.   -- from -- I don't talk like that with them.  They don't say I'm going to link this to this that I am aware of.  They could, but I don't know specifically. (D.E. 43 – 2, p. 208/lines 18 – 25 and p. 209/lines 1 - 8)

8.  Thereafter, on May 8, 2021, Plaintiff served her Second *Amended* Rule 26 Disclosures in which, amongst others, she disclosed the following witness and description of their knowledge regarding the facts at issue in the case:

(a) Maurianna Swanson, MS, LMHC

c/o MCH Counseling, LLC *d/b/a* New Era Counseling

Ms. Swanson is providing the Plaintiff, Ms. Ruby Green, with counseling and/or therapy attendant to the emotional distress visited upon her in connection with the Defendants' abrupt termination of her employment with the same.

(See Plaintiff's Second *Amended* Rule 26 Disclosures attached hereto as Exhibit A).

9. On May 18, 2021, Defendants served a Notice of Production on Non-Party directed towards MCH COUNSELING, LLC *d/b/a* NEW ERA COUNSELING c/o KRISTENA SWANSON (hereinafter "MCH Counseling"). (Please find said Notice attached here to as Exhibit B).

10. On May 19, 2021, PLAINTIFF filed her Notice of Non-objection. (Please find said Notice attached hereto as Exhibit C).

11. The Subpoena Duces Tecum for Records directed towards MCH Counseling was served May 26, 2021, at 12:53 p.m. (Please find attached the Subpoena referenced herein and Verified Return of Service attached hereto as Exhibits D and E respectively).

12. A HIPAA-compliant release was also obtained from PLAINTIFF and forwarded to MCH Counseling on May 19, 2021. (Please find said release and email correspondence to MCH attached hereto as Exhibits F and G respectively).

13. To date, no records responsive to Defendants' Subpoena Duces Tecum have been produced by MCH Counseling.

14. Additionally, on May 18, 2021, Defendants' Noticed the deposition of Maurianna Swanson (hereinafter "Swanson") of MCH Counseling. (Please find said Notice of Deposition attached hereto as Exhibit H).

15. Swanson was also personally served with a subpoena for her deposition on May 20, 2021, for a deposition to be conducted on June 21, 2021. (Please find attached the Subject Subpoena and Verified Return of Service attached hereto as Exhibit I and J respectively).

16. On June 21, 2021, Swanson failed to appear for her deposition. (Please find attached the Certificate of Non-Appearance obtained, attached hereto as Exhibit K).

## MEMORANUM OF LAW

FED. R. CIV. P. 45 permits a party to procure discovery from a non-party through the issuance and service of a subpoena. Indeed, a properly issued and served subpoena provides a court with jurisdiction over a non-party witness within the court's territorial jurisdiction with respect to the discovery requested in the subpoena. FED. R. CIV. P 45(a)(2)(B) authorizes a party to compel a non-party to appear and provide deposition testimony. One who fails to obey a properly issued and served subpoena without adequate excuse may be found in contempt of court and face sanctions. See FED. R. CIV. P 45(e).

Furthermore, "[A] Rule 45 subpoena is a discovery vehicle to be used against non-parties to, among other things, obtain documents relevant to a pending lawsuit." Hatcher v. Precoat Metals, 271 F.R.D. 674, 675 (N.D. Ala. 2010). More specifically, Rule 45 allows a subpoena to command the "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); *see also* FED. R. CIV. P. 45(a) (1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises . . . may be set out in a separate subpoena."). If a nonparty timely serves written objections, the nonparty's objection to comply with the subpoena is suspended pending a court's order. See Am. Fed'n of Musicians of the United States 3 3 & Canada v. Skodam Films, LLC, 313 F.R.D. 39, 44 (N.D. Tex. 2015) ("Timely serving written objections therefore suspends the non-

party's obligation to comply with a subpoena commanding production of documents, pending a court order.") (citing FED. R. CIV. P. 45(d)(2)(B)(ii); Hodnett v. Smurfit-Stone Container Enters., Inc., Civ. A, 2010 WL 3522497, at *1 n.3 (W.D. La. Sept. 2, 2010)). "The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." Am. Fed'n, 313 F.R.D. at 43 (internal quotation marks omitted).

Lastly, FED. R. CIV. P. 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c)(1).

## ARGUMENT

During the course of litigation, PLAINTIFF disclosed Swanson in her Rule 26 Disclosures, Interrogatory Responses, and in her deposition. As part of PLAINTIFF's claim, she is seeking seven-figure relief for emotional distress, stemming from her termination from the Office of the Public Defender for Broward County. Defendants, through the exercise of their own due diligence, served Swanson for deposition and served her company for records to determine the substance of her expected testimony, as PLAINTIFF was unable to confirm what records her therapist retained or all opinion and facts in support of her claim. Both Swanson and MCH Counseling have had ample time to review the subpoena and formulate their responses. Yet, on the scheduled dates and at the appointed time, both non-parties have clearly failed to raise proper objections. Per this Court's *Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge*, D.E. 16, the deadline to complete

discovery has come and gone. As such, it would be patently unfair for Defendants to go to trial without having the benefit of reviewing records known to exist from MCH Counseling and having the ability to conduct the deposition of PLAINTIFF's therapist.

PLAINTIFF's disclosure of this witness both in her Rule 26 disclosures, and at all times material to this action, without Defendants having the ability to conduct this non-parties' deposition or obtain this non-parties records, should preclude PLAINTIFF from utilizing this witness and her records at trial.

**WHEREFORE,** Defendant respectfully requests this Court grant this Motion for Order to Show Cause or, in the Alternative, Grant Defendants' Motion to Strike Maurianna Swanson as a witness for use at trial and strike any records from MCH COUNSELING, LLC *d/b/a* NEW ERA COUNSELING, and for all other relief as this Court deems just and proper.

## LOCAL RULE 7.1.(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), the undersigned counsel's office for Defendants certifies that he has conferred with Plaintiff in a good faith effort to resolve the issues raised in this motion, and Plaintiff has noted his objection to the desired request for relief sought.

> Respectfully submitted,
> s/Alicia Lyons Laufer
> Alicia Lyons Laufer, Esq.
> Florida Bar No. 414336
> alaufer@lauferlawyers.com
> claufer@lauferlawyers.com
> Laufer & Laufer, P.A.
> 7251 West Palmetto Park Rd.
> Suite 305
> Boca Raton, FL 33433
> Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                    By:  s/Alicia Lyons Laufer
                           Alicia Lyons Laufer
                           Florida Bar No. 414336

## **SERVICE LIST**

**Ruby Green v. Howard L. Finkelstein,** *et al*
**CASE NO.  20-cv-62160-BLOOM/Valle**
United States District Court, Southern District of Florida

Patrick R. Frank, Esquire
Frank & Rice, P.A.
**Counsel for Plaintiff**
325 West Park Avenue
Tallahassee, FL 32301
850-629-4168 Telephone
EMAIL: lawatf@aol.com
      [CM/ECF]