**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.  20-cv-62160-BLOOM/Valle**

**RUBY GREEN,**

      **Plaintiff,**

v.

**HOWARD FINKELSTEIN, Individually,
in his Capacity as Public Defender
for Broward County, and the Office
of the Public Defender for Broward
County,**

      **Defendants.**
_____/

## DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES

Defendants Howard Finkelstein, in his Individual Capacity, Howard Finkelstein, in his Official Capacity as the Broward County Public Defender, and the Office of the Public Defender for Broward County (hereinafter collectively referred to as the "Defendants") by and through their undersigned counsel, and pursuant FED. R. CIV. P. 54(d), Local Rule 7.3(a) and 42 U.S.C. § 2000e-5(k), hereby file their *Motion for Entitlement to Attorney's Fees*, and in support thereof state:

1. On October 23, 2020, Plaintiff Ruby Green (hereinafter "Plaintiff") initiated this action against Defendants alleging claims of First Amendment retaliation under 42 U.S.C. § 1983. (D.E. 1)

2. Defendants' filed their *Motion for Final Summary Judgment or in the Alternative, Motion for Partial Summary Judgment* on July 21, 2021. (D.E. 44)

3. On October 12, 2021, this Court entered its *Omnibus Order on Cross Motions for Summary Judgment* denying Plaintiff's Motion and granting Defendants' Motion. (D.E. 67)

4. On October 13, 2021, this Court entered *Final Judgment* in favor of Defendants on all claims asserted by Plaintiff in her Complaint. (D.E. 68)

5. In light of the Orders (D.E. 67 and D.E. 68], as the prevailing party, Defendants are entitled to attorney's fees as governed by Federal statute and case law precedent.

## MEMORANDUM OF LAW

42 U.S.C. § 2000e(5)(k) provides in pertinent part:

> In any action or proceeding under this subchapter, the Court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorneys' fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Furthermore, pursuant to Section 1988, "[a] district court may in its discretion award attorneys' fees to a prevailing defendant in an action under 42 U.S.C. § 1983 upon a finding that the plaintiff's lawsuit 'was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" PBT Real Estate, LLC v. Town of Palm Beach, No. 17-CV-81254, 2019 WL 3074057, *6 at *2 (S.D. Fla. 2019) (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980)). See also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648, 657 (1978); Sullivan v. Sch. Bd. of Pinellas County, Fla., 773 F.2d 1182, 1189 (11th Cir. 1985); and United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991).

Cases where findings of "frivolity" have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a FED. R. CIV. P. 41(b) motion for involuntary dismissal, as is the case in the instant matter. Sullivan at 1184. In these cases, the plaintiffs did not introduce any evidence to support their claims. Id. While these general guidelines can be discerned from the case law, they are general guidelines only, not hard and fast rules. Id.

Furthermore, in deciding whether a suit is frivolous, "'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Sullivan, 773 F.2d at 1189 (quoting Jones v. Texas Tech University, 656 F.2d 1137, 1145 (5th Cir. 1981)).

Additionally, when a plaintiff asserts both frivolous and nonfrivolous claims, a "court may grant reasonable fees to the defendant . . . but only for costs that the defendant would not have incurred but for the frivolous claims." Fox v. Vice, et al., 131 S.Ct. 2205, 2211, 180 L.Ed. 2d 45 (2011). The defendant need not prove that all of the claims were frivolous to recover fees for defending against one or more that was. Quintana, 414 F.3d at 1312 (citation omitted). Adams v. Austal, U.S.A., L.L.C., 569 F. App'x 728, 731 (11th Cir. 2014).

In Sullivan, supra, the Eleventh Circuit identified a number of factors that should be considered in determining whether an award of attorneys' fees is warranted, including: whether (1) the plaintiff introduced evidence to support her claim, (2) the plaintiff was able to establish a *prima facie* case, (3) the defendant offered to settle the case, or (4) the trial court dismissed the case prior to trial on the merits. Sullivan, supra, 733 F.2d at 1189.

As for factor one, it remains undisputed that Plaintiff failed to introduce evidence to support her claim for First Amendment retaliation. As for factor two, Defendants will submit that taking the well-pleaded factual allegations as true, and drawing all reasonable inferences in Plaintiff's favor, the Court did find that the operative Complaint sufficiently *alleged* facts to support Plaintiff's claim of retaliation for engaging in constitutionally protected speech, thereby establishing a prima facie case, thus surviving at the motion to dismiss stage. As for factor three[1], Defendants did not serve an offer to settle, considering the meritless position Plaintiff had taken in attempting to advance her claim for First Amendment retaliation. Lastly, as for factor four, it remains undisputed that this Court dismissed the instant action prior to trial on the merits.

As further evidence of the baselessness of Plaintiff's futile attempt to claim First Amendment retaliation, this Court should look no further than its findings of facts and conclusions of law pertaining to the cross motions for summary judgment, in which it found, among other things:

(1) Several procedural and substantive defects demonstrating that Plaintiff failed to meet her burden; (D.E. 67 at pg.16);

(2) Plaintiff failed to analyze any of her statements under the framework set forth in *Connick* to determine the threshold inquiry of whether they implicate matters of public concern and warrant constitutional protection; (Id. at pg. 18)

(3) Plaintiff failed to cite to any authority to support her position that *any and all* statements advanced during a campaign for public office were afforded constitutional protection; (Id.)

---

[1] Although a settlement offer does not automatically bar a defendant from receiving attorney's fees, the amount of the offer must be considered in determining whether the offer militates against a finding of frivolity. Lawver v. Hillcrest Hospice, Inc., 300 F. App'x 768, 774 (11th Cir. 2008). Here, no offer of judgment was filed which supports the contention that the Plaintiff's claim was frivolous in nature.

(4) In support of Plaintiff's position that her speech "triggers First Amendment protection," Plaintiff relied on a body of case law that was materially distinguishable and had no application to the instant case; (Id.)

(5) Upon review of the record, the Court agreed that Plaintiff failed to make a showing sufficient to permit a reasonable jury to conclude that her Designated Statements played a "substantial" or "motivating" factor behind her termination; (Id. at pg.21)

As reflected above, Plaintiff's actions in bringing this claim for First Amendment retaliation were clearly frivolous, unreasonable and without foundation.

Based on the foregoing, Defendants are entitled to attorney's fees pursuant to the factors set forth in Sullivan as Defendants' prevailed on both Plaintiff's Motion for Summary Judgment and their own Motion for Summary Judgment where it remains clear on the record that "Plaintiff had not produced evidence to contradict Defendant Finkelstein's conclusions, or otherwise demonstrate that Defendants are not entitled to judgment as a matter of law." (Id. at pg. 33)

Wherefore, Defendants Howard Finkelstein, in his Individual Capacity, Howard Finkelstein, in his Official Capacity as the Broward County Public Defender, and the Office of the Public Defender for Broward County, respectfully requests this Honorable Court to grant their entitlement to reasonable attorney's fees incurred to defend this matter.

## LOCAL RULE 7.1.(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), the undersigned counsel's office for Defendants certifies that he has conferred with Plaintiff in a good faith effort to resolve the issues raised in this motion, and Plaintiff has noted his objection to Defendants' entitlement to attorney's fees.

           Respectfully submitted,
           s/Alicia Lyons Laufer
           Alicia Lyons Laufer, Esq.
           Florida Bar No. 414336
           alaufer@lauferlawyers.com
           claufer@lauferlawyers.com
           Laufer & Laufer, P.A.
           7251 West Palmetto Park Rd.
           Suite 305
           Boca Raton, FL 33433
           Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

           By: s/Alicia Lyons Laufer
                Alicia Lyons Laufer
                Florida Bar No. 414336

## **SERVICE LIST**

**Ruby Green v. Howard L. Finkelstein,** *et al*
**CASE NO. 20-cv-62160-BLOOM/Valle**
United States District Court, Southern District of Florida

Patrick R. Frank, Esquire
Frank & Rice, P.A.
**Counsel for Plaintiff**
325 West Park Avenue
Tallahassee, FL 32301
850-629-4168 Telephone
EMAIL: lawatf@aol.com
    [CM/ECF]